UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KELLY GRAVEN and ELIZABETH BRIGGS
on behalf of DGB, an infant,

                          Plaintiffs,                    3:14-CV-0806
                                                            (GTS/DEP)
v.

GREENE CENT. SCH. DIST.,

                          Defendant.
_____

APPEARANCES:                                              OF COUNSEL:

LAW OFFICE OF RONALD R. BENJAMIN        RONALD R. BENJAMIN, ESQ.
  Counsel for Plaintiffs
P.O. Box 607
Binghamton, NY 13902-0607

HOGAN SARZYNSKI                             WENDY K. DeWIND, ESQ.
  Counsel for Defendant
P.O. Box 660
Binghamton, NY 13902-0660

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this action filed by Kelly Graven and Elizabeth Briggs on behalf of the infant DGB ("Plaintiffs") against the Greene Central School District ("Defendant") under the Individuals with Disabilities Education Act ("IDEA"), is Defendant's motion to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2) and 12(b)(7). (Dkt. No. 16.) For the reasons set forth below, Defendant's motion is granted in part and denied in part.

## I. RELEVANT BACKGROUND

### A. Plaintiffs' Complaint

Because the parties have (in their memoranda of law) demonstrated an adequate understanding of the allegations and claim asserted in Plaintiffs' Complaint, the Court will not repeat that information in this Decision and Order, which is intended primarily for the review of the parties. Rather, the Court will state merely that, as relief for their IDEA claim, Plaintiffs seek an Order directing Defendant to cooperate in placing their son, DGB, in a residential treatment facility ("RTF") that has expertise in treating his Reactive Attachment Disorder ("RAD"), and assuming financially responsibility for the cost of that placement, due to its obligation to provide DGB with a free appropriate public education ("FAPE") under the IDEA. (Dkt. No. 1.)

### B. Parties' Arguments on Defendant's Motion to Dismiss

#### 1. Defendant's Memorandum of Law

Generally, in its memorandum of law, Defendant asserts three arguments. (Dkt. No. 16, Attach. 5 [Def.'s Memo. of Law].)

First, argues Defendant, Plaintiffs's Complaint must be dismissed for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), because they have failed to exhaust their administrative remedies before filing this action, given that an administrative appeal was filed from the decision of the Impartial Hearing Officer ("IHO") to the New York State Education Department Office of State Review ("SRO") but no decision has yet been received regarding that appeal. (*Id.*)

Second, argues Defendant, in any event, Plaintiffs' Complaint must be dismissed for failure to join all parties necessary to permit complete relief and to prevent multiple and inconsistent obligations under Fed. R. Civ. P. 12(b)(8) and Fed. R. Civ. P. 9, because (a) DGB is currently in the care of the New York State Office of Mental Health (which may make a decision that is contrary to this Court's decision), (b) the Chenango County Department of Social Services is actively investigating an abuse-and-neglect complaint pursuant to Article 10 of the New York State Family Court Act and could make their own placement recommendation (which may be contrary to this Court's decision), and (c) the Afton Central School District, as the district of residence of DGB's parents, is currently responsible for making the 2014-2015 special education placement (which may be contrary to this Court's decision). (*Id*.)

Third, argues Defendant, in any event, Plaintiffs' Complaint must be dismissed for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), because DGB was discharged from Stillwater effective July 11, 2014 (pursuant to the Memorandum and Order of New York State Supreme Court Justice Kevin M. Dowd) and thus Defendant no longer bears an obligation to place DGB (given that he is currently not located in the Greene Central School District but is a resident of the Afton Central School District). (*Id*.)

### 2. Plaintiffs' Opposition Memorandum of Law

Generally, in their opposition memorandum of law, Plaintiffs assert three arguments. (Dkt. No. 24 [Plfs.' Opp'n Memo. of Law].)

First, argue Plaintiffs, Defendant's lack-of-subject-matter-jurisdiction argument (regarding exhaustion of administrative remedies) fails because, under the applicable standard of review, the Complaint alleges facts that, if true, would clearly excuse exhaustion. (*Id*.)

Second, argue Plaintiffs, Defendant's failure-to-join-a-party argument (regarding the pending actions and/or responsibilities of the New York State Office of Mental Health, the Chenango County Department of Social Services, and the Afton Central School District) fails because Defendant has not shown why this Court cannot accord complete relief to Plaintiffs solely from Defendant, and indeed offers mere speculation regarding what action(s) the referenced entities may take that could conflict with the Court's decision. (*Id*.)

Third, argue Plaintiffs, Defendant's failure-to-state-a-claim argument (regarding DGB's current location and residence) fails because, in fact, "DGB is still at Stillwater" and, in any event, Defendant's argument is based on its interpretation of state law that is no longer viable after the U.S. Supreme Court's decision in *Florence Cnty. Sch. Dist. Four v. Carter*, 510 U.S. 7 (1993) (*Id*.)

### 3. Defendant's Reply Memorandum of Law

Generally, in its reply memorandum of law (filed on August 19, 2014), Defendant argues that, on August 15, 2014, the SRO decided Plaintiffs' administrative appeal, determining that Defendant is not required to consider a residential placement for DGB other than the RTF located by Defendant, and remanding the matter to Defendant to determine if it retains programmatic responsibility for DGB's education consistent with the decision. (Dkt. No. 26 [Def.'s Reply Memo. of Law].) Defendant also argues that, "[a]s per the decision of the New York State Review Officer, the District will be holding a CSE meeting in the next week or so to determine whether they have any authority over the Student's programming at this time." (*Id*.)

## II. GOVERNING LEGAL STANDARDS

Because the parties have (in their memoranda of law) demonstrated an adequate understanding of the legal standards governing Plaintiffs' IDEA claim and Defendant's motion, the Court will not recite that information in this Decision and Order, which (again) is intended primarily for the review of the parties.

## III. ANALYSIS

As an initial matter, it appears that Defendant's lack-of-subject-matter-jurisdiction argument (regarding exhaustion of administrative remedies) has been mooted by the SRO's decision of August 15, 2014. The Court notes that it may consider evidence outside the four corners of a complaint on a motion to dismiss for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). As a result, the Court cannot, at this time, conclude that it lacks subject-matter jurisdiction over Plaintiffs' Complaint.

Also apparently mooted has been Defendant's failure-to-state-a-claim argument (regarding DGB's current location and residence). While the Court cannot consider Plaintiffs' argument that "DGB is still at Stillwater" on a motion to dismiss for failure to state a claim, it can consider the SRO's decision of August 15, 2014, which the Court finds to be integral to the Complaint, and which Defendant submitted as an attachment to its reply memorandum of law without subsequent challenge (by Plaintiffs) to its authenticity.[1] In that decision, the SRO

---

[1] *See L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of, *inter alia*, [1] documents incorporated by reference in the complaint (and provided by the parties), or [2] documents that, although not incorporated by reference, are "integral" to the complaint); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) ("Where a document is not incorporated by reference, the court may neverless

acknowledges uncertainty about DGB's current location (as of August 15, 2014), specifically, whether or not he had, in fact, been discharged from Stillwater as directed by Judge Dowd. (Dkt. No. 26, Attach. 2, at 10.) As a result, the Court cannot conclude that Plaintiff has failed to allege facts plausibly suggesting that Defendant is DGB's district of location.

More problematic for Plaintiffs is Defendant's failure-to-join-a-party argument (regarding the pending actions and/or responsibilities of the New York State Office of Mental Health, the Chenango County Department of Social Services, and the Afton Central School District). The Court is inclined to agree with Defendant that at least one of the three entities it references is necessary for the reasons Defendant state in its memorandum of law. (*See, supra,* Part I.B. of this Decision and Order.) Simply stated, Plaintiffs' Complaint raises, but does not dispel, questions about this necessity. *See, e.g.,* Fed. R. Civ. P. 19(c) (requiring a party to state the reasons for not joining a necessary party).

However, whether than immediately dismiss Plaintiffs' Complaint on this ground, the Court finds it fair and efficient, under the circumstances, to first give Plaintiffs an opportunity to amend and/or supplement their Complaint to correct the aforementioned pleading defects. Plaintiffs may, in their amended and/or supplemental complaint, also address (among other

---

consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document. It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint, the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks omitted).

things) the SRO's decision of August 15, 2014, as well as the CSE meeting held by Defendant during the weeks following that decision.

Plaintiffs are advised that their amended and/or supplemental complaint must be a complete pleading, which will supersede their original complaint in all respects, and may not incorporate by reference any portion of their original Complaint. N.D.N.Y. L.R. 7.1(a)(4). Plaintiffs are also advised that, should they fail to file such an amended and/or supplemental complaint within the time allotted, their Complaint shall be dismissed with prejudice. <u>Finally, the parties are advised that nothing in this Decision and Order shall preclude Defendant from moving to dismiss any amended and/or supplemental complaint filed by Plaintiffs</u>.

**ACCORDINGLY**, it is

**ORDERED** that Defendants' motion to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2) and 12(b)(7) (Dkt. No. 16) is **<u>GRANTED</u> in part** (to the extent that it requests the dismissal of Plaintiffs' Complaint) but **<u>DENIED</u> in part** (to the extent that it requests that the dismissal be immediate and without a prior opportunity to amend); and it is further

**ORDERED** that Plaintiffs shall have **THIRTY (30) DAYS** from the date of this Decision and Order in which to file an **AMENDED and/or SUPPLEMENTAL COMPLAINT** that attempts to cure the pleading defects identified in this Decision and Order, and that if they fail to do so, their Complaint shall be **<u>DISMISSED</u>** without further Order of the Court.

Dated: March 31, 2015
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge